UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 1 1 2007

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. |
| | : | CR 07-243 |
| v. | : | |
| | : | |
| **JOHN STRAUB** | : | VIOLATION: |
| | : | 18 U.S.C. § 1341 (Mail Fraud) |
| Defendant. | : | |

NANCY MAYER ---, CLERK
U.S. DISTRICT COURT

## STATEMENT OF OFFENSE

The Carnegie Institution of Washington (hereinafter "CIW") is a non-profit scientific research organization that specializes in the physical and biological sciences. CIW is organized into six departments, including the Geophysical Laboratory (hereinafter "Laboratory") located at 5251 Broad Branch Road, N.W., Washington, D.C.. The Laboratory is engaged in the basic research and advanced education of earth sciences. Since October 1998, the Director of the Laboratory has been Dr. Wesley Huntress.

From approximately 1985 until January, 2006, defendant **JOHN STRAUB** was employed by the Laboratory as an Accountant and Business Manager. **STRAUB's** job responsibilities included oversight of Paul Meeder, who was, among other things, responsible for reviewing and reconciling the monthly credit card statements the Laboratory received from Diners Club and Sam's Club. **STRAUB** was authorized the sign the payment checks mailed to Diners Club, located in The Lakes, Nevada, and to Sam's Club, located in Carol Stream, Illinois. **STRAUB** approved the general ledger entries that recorded the credit card expenditures of the Laboratory's employees into the proper account or category. On a quarterly basis, **STRAUB** was responsible for providing the detail that comprised the balances of the expense accounts,

1

including the Advance account, to CIW for review and reconciliation.

Some employees of the Laboratory, including **STRAUB**, were issued credit cards issued by Diners Club and Sam's Club to pay to for expenditures incurred in furtherance of the Laboratory's operations. It was **STRAUB's** job responsibility, among others, to ensure that employees reimbursed the Laboratory for all personal expenditures that were paid for using the Diners Club and Sam's Club credit cards issued to them by the Laboratory.

**STRAUB** was issued a Diners Club and a Sam's Club credit card by the Laboratory. **STRAUB** was authorized to use the credit cards to pay to expenditures such as office supplies and equipment, gasoline for the Laboratory's vehicles, and travel to attend training classes or seminars.

From in or about May 1, 2002 through January 4, 2006, **STRAUB** used the Diners Club and Sam's Club credit cards issued to him by the Laboratory to pay for personal expenditures he incurred without the authority of CIW. For example, **STRAUB** used the Diners Club credit card to pay for items purchased at Sharper Image and he used the Sam's Club credit card to pay for electronic items such as a 42" Plasma television. In addition, **STRAUB** used the Diners Club credit card to pay for vacation expenditures in Orlando, Florida; Indianapolis, Indiana; St. Thomas, Virgin Islands; Curacao, Aruba; Las Vegas, Nevada; and Honolulu and Kapolei, Hawaii. **STRAUB** used the Diners Club credit card to pay for vacation expenditures such as airline tickets, Walt Disney World merchandise, a Royal Caribbean Cruise, and a Voyager of the Seas cruise. **STRAUB** used the Diners Club and Sam's Club credit cards issued to him by the Laboratory to pay for unauthorized personal expenditures that totaled $105,597.21.

**STRAUB** was not authorized by CIW to incur these personal expenses on his behalf.

**STRAUB** intentionally misused the CIW issued credit cards to defraud CIW of monies and of his honest services as a CIW employee. To carry out this scheme to defraud CIW, **STRAUB** caused the United States mails to be used by mailing payments from CIW in Washington, D.C. to businesses outside of Washington, D.C.

**STRAUB** did not reimburse the Laboratory for the personal expenditures he paid for using the Laboratory's credit cards in a timely manner. Between May 1, 2002 and January 4, 2006, **STRAUB** did not require that his subordinate, Paul Meeder, reimburse the Laboratory for personal credit card expenditures that he incurred in the amount of $115,541.16. **STRAUB** authorized the recording of his personal credit card expenditures and those of Paul Meeder in the Advance account. The Advance account was supposed to be used to temporarily record personal expenditures incurred by employees of the Laboratory until the employee reimbursed the Laboratory for the expenditures. The manner in which **STRAUB's** personal credit card expenditures were recorded in the Advance account made it difficult to determine that the expenditure had been incurred by him.

On a quarterly basis, **STRAUB** was supposed to provide the detail that comprised the balances of the expense accounts, including the Advance account, to CIW for reconciliation. However, **STRAUB** did not provide the detail of the Advance account in a timely manner to CIW.

On a monthly basis, **STRAUB** provided Dr. Wesley Huntress with a report that reflected the expenditures of each of the cost centers of the Laboratory. The balance of the Advance account was not included on this report because it was an overhead account.

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Crim. P. 11 and 28 U.S.C. § 1746, after consulting with my attorney Thomas Pavlinic, Esq., I agree and stipulate to this Statement of Offense, and admit and declare under penalties of perjury that the facts recited within this Statement of Offense are true and correct.

Date: _09/14/2007_          _[signature]_
                             John Straub, Defendant


I have discussed this Statement of Offense with my client, John Straub. I concur with his decision to stipulate to this Statement of Offense.

Date: _9/14/07_             _[signature]_
                             Thomas Pavlinic, Esq.
                             Attorney for the Defendant

_9/14/07_                    _[signature]_
                             Richard A Fin c.
                             Attrney For the Defendant

4